IN THE
# United States Court of Appeals for the Federal Circuit

ALIVECOR, INC.

*Appellant,*

*v.*

INTERNATIONAL TRADE COMMISSION

*Appellee,*

APPLE INC.,

*Intervenor.*

--------------------------------------------------------

APPLE INC.,

*Appellant,*

*v.*

INTERNATIONAL TRADE COMMISSION

*Appellee,*

ALIVECOR, INC.

*Intervenor.*

On Appeal from the United States International Trade Commission
Inv. No. 337-TA-1266

## APPLE INC.'S RESPONSE TO OMRON HEALTHCARE, INC.'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

Michael A. Amon
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130

Melanie L. Bostwick
Mark S. Davies
Zachary J. Hennessee
Abigail Colella
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC 20005
(202) 339-8400

*Additional Counsel Listed on Inside Cover*

Benjamin C. Elacqua
FISH & RICHARDSON P.C.
1221 McKinney Street,
  Suite 2800
Houston, TX  77010

Ruffin B. Cordell
FISH & RICHARDSON P.C.
1000 Maine Ave, SW
Washington, DC  20024

E. Joshua Rosenkranz
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019

Elizabeth R. Moulton
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

*Counsel for Apple Inc.*

Cross-appellant Apple Inc. respectfully submits this response to the motion for leave filed by prospective amicus curiae Omron Healthcare, Inc.

As Omron explains, it is an investor in appellant AliveCor, Inc., holding an equity stake of approximately 27 percent. Dkt. 70-1 at 4. Omron did not file an amicus brief in support of AliveCor's principal brief in this appeal, however. Instead, late in the evening of November 27, 2023, Omron filed a motion for leave to submit an amicus curiae brief nominally in support of the International Trade Commission, which filed its brief on Friday, November 17. *See* Dkt. 70 (Omron motion and proposed brief); Dkt. 66 (Commission brief).

This Court's rules require prospective amici, before submitting such a motion, to meet and confer with the parties to the appeal. *See* Fed. R. App. P. 29(a)(3) (requiring amici to submit motion for leave to file); Fed. Cir. R. 27(a)(2) (requiring movants to include a statement "representing that the movant has discussed the motion with the other parties and stating whether any party will object or file a response"). And Omron apparently did confer with its affiliate AliveCor before filing, as Omron represented that AliveCor "consented to the filing of

this *amicus curiae* brief." Dkt. 70-1 at 1. It is unclear whether Omron conferred with the Commission before filing; in all events, the Commission—the party whom Omron is nominally seeking to support—apparently did not provide its consent. *See id.*

But Omron unquestionably made no attempt to meet and confer with Apple about its intent to file an amicus brief before filing this motion. Nonetheless, Omron's motion misleadingly suggested that it had done so, representing in its "Consent Statement" that "Cross-Appellant, Apple Inc., ha[d] not consented to the filing of this *amicus curiae* brief." Dkt. 70-1 at 1.

Apple's counsel promptly contacted Omron's counsel and requested that Omron file a corrected motion clarifying for the Court that it had not met and conferred with Apple prior to filing. Omron refused to do so, however, instead repeatedly asking Apple to belatedly provide its consent. Not only were these requests sent after Omron filed a motion falsely suggesting that it had already complied with its obligation to meet and confer; they were also sent after 10 pm Eastern Time on the deadline for amicus filings, and after the close of business even for West Coast clients like Apple.

Instead of filing a correction as Apple had requested, Omron filed a notice of correction updating its "Consent Statement" to say that "Apple Inc. has not responded to a request for consent" and "is presumed not to consent." Dkt. 71-1 at 1; *see also* Dkt. 72. Omron continued to incorrectly suggest that it had properly attempted to confer with Apple about consent before filing its motion with this Court. Omron carefully phrased its new filing, stating it had sought consent before filing "the *present* motion"—that is, the corrected motion that Omron filed only after Apple raised concerns about Omron's misrepresentation in its first motion. Dkt. 71-1 at 1 (emphasis added). Furthermore, Omron claimed to have made "an effort to confer before the filing deadline for the present motion," *id.*—even though it was *Apple* that reached out to Omron, not the other way around.

In light of Omron's conduct in seeking leave, Apple opposes Omron's motion for leave to file an amicus brief.

November 28, 2023

Michael A. Amon
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130

Benjamin C. Elacqua
FISH & RICHARDSON P.C.
1221 McKinney Street,
   Suite 2800
Houston, TX 77010

Ruffin B. Cordell
FISH & RICHARDSON P.C.
1000 Maine Ave, SW
Washington, DC 20024

Respectfully submitted,

*/s/Melanie L. Bostwick*
Melanie L. Bostwick
Mark S. Davies
Zachary J. Hennessee
Abigail Colella
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC 20005
(202) 339-8400

E. Joshua Rosenkranz
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019

Elizabeth R. Moulton
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

*Counsel for Apple Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 23-1509, -1553 |
| **Short Case Caption** | AliveCor, Inc. v. International Trade Commission |
| **Filing Party/Entity** | Apple Inc. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 11/28/2023

Signature: /s/ Melanie L. Bostwick

Name: Melanie L. Bostwick

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Apple Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable       ☑  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)     ☐  No     ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable       ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**Attachment**

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

Orrick, Herrington & Sutcliffe LLP: Jordan L. Coyle; Cesar-Lopez Morales; Sheila Baynes; Bas de Blank

Fish & Richardson P.C.: Joseph V. Colaianni Jr.; Katherine H. Reardon; Thomas S. Fusco; Raisa Ahmad; Qiuyi Wu

Covington & Burling LLP: Shara L. Aranoff; Alexander D. Chinoy; Brian R. Nester; Amy Bond

# CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). The response is printed in Century Schoolbook 14-point font, and it contains 562 words, excluding the items listed in Federal Rule of Appellate Procedure 27(a)(2)(B).

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Apple Inc.*