

Office of the
General Counsel

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, DC 20436

May 31, 2024

Hon. Jarrett B. Perlow
Circuit Executive & Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

  **RE: Response to Citation of Supplemental Authority in**
     ***AliveCor, Inc. v. ITC*, No. 23-1509 (ECF No. 119)**

Dear Mr. Perlow:

  Apple contends in its May 28, 2024, Rule 28(j) letter that two decisions by the Patent Trial and Appeal Board support its argument that the Commission erred in its secondary considerations analysis. To the contrary, the Board's finding of obviousness in a ***different*** proceeding concerning the patentability of claims of ***different*** patents involving ***different*** prior art combinations on a ***different*** factual record has no bearing on the Commission's finding of secondary considerations, which is supported by substantial evidence. Red Br. at 40-52.

  The Board refused to presume a nexus between AliveCor's KBS product and the challenged claims based on the Commission's determination because those claims are not the same as the claims at issue before the Commission. *Apple Inc. v. AliveCor, Inc.*, IPR2022-01560, Paper 37 at 51 n.25 (P.T.A.B. April 8, 2024) ("Petitioner did not concede that the claims of the '499 and '956 patents are the same, only that 'many of the limitations' of the claims are the same."); *id.* at 50 ("Petitioner argues that Patent Owner … '[is] instead relying on purported findings by the ITC with respect to nexus in a ***different*** proceeding involving ***different*** patents.'"). The Board noted that it did not "have access to the information the ITC considered when it compared the claims of the '499 patent to KBS." *Id.* at 52.

Hon. Jarrett B. Perlow
Page 2 of 2

By contrast, based on a different record, the Commission found AliveCor established a clear connection between KBS and the asserted claims in this appeal.

     The Board also made clear that its "consideration of the persuasive value of the ITC's findings" was "hindered by the fact that [it] d[id] not have access to the same evidence as was before the ITC." *Id.* at 51-52 (citing Tr. 42:9–11 ("[Board]: Do we have all the evidence before us that was before the ITC? [Patent Owner's Counsel]: No you don't.")). Even if the Board weighed the same evidence and came to a different conclusion, that does not prevent the Commission's secondary considerations finding from being supported by substantial evidence. *See Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). Apple's arguments have no merit.

                                      Sincerely,

                                        /s/ Panyin A. Hughes
                                        Panyin A. Hughes
                                        Attorney for Appellee
                                        International Trade Commission

cc:    Counsel of record (via ECF)

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO FED. R. APP. P. 28(j)

Pursuant to Fed. R. App. P. 28(j), I hereby certify that the body of the attached letter includes 350 words, and thereby complies with the type-volume limitation requirement.

/s/ Panyin A. Hughes
Panyin A. Hughes
Attorney for Appellee
International Trade Commission
500 E Street, SW, Suite 707
Washington, DC  20436
tel. (202) 205-3042
panyin.hughes@usitc.gov

Dated:  May 31, 2024