Nos. 23-1509, -1553

IN THE

# United States Court of Appeals for the Federal Circuit

ALIVECOR, INC.,

*Appellant,*

*v.*

INTERNATIONAL TRADE COMMISSION,

*Appellee,*

APPLE INC.,

*Intervenor.*

--------------------------------------------------------

APPLE INC.,

*Appellant,*

*v.*

INTERNATIONAL TRADE COMMISSION,

*Appellee,*

ALIVECOR, INC.,

*Intervenor.*

## JOINT MOTION TO CLARIFY ORAL ARGUMENT PROCEDURE

Appellee United States International Trade Commission;

AliveCor, Inc. (Appellant in Appeal No. 23-1509, Intervenor in Appeal

No. 23-1553); and Apple Inc. (Intervenor in Appeal No. 23-1509,

Appellant in Appeal No. 23-1553) hereby move to clarify the procedure

for the oral argument in the above-captioned consolidated appeals

scheduled for July 12, 2024 (Courtroom 402).

As the Court is aware, in these consolidated appeals, there were five rounds of briefs. The parties seek clarification on whether the Court would prefer to conduct the argument in five rounds (tracking the ordering of the briefs) or whether the Court would prefer to conduct argument for the two appeals separately back-to-back, as though companion appeals for the purposes of oral argument. In consolidated appeals involving five rounds of briefs, the parties typically file a motion such as the present motion to clarify the merits panel's preference for oral argument.

The parties submit that, in the present case, oral argument would best proceed in five rounds of argument, commensurate with the briefing. Doing so will provide the Court and the parties with greater freedom to discuss the relationship between the appeal and cross-appeal. Conducting fewer separate rounds of argument will also streamline the Court's consideration of these appeals in connection with the issues presented in the related, consolidated appeals from the Patent Trial and Appeal Board (Appeal Nos. 23-1512, -1513, -1514), which have been coordinated with these appeals and will be argued immediately after.

This approach has been adopted in numerous cases.  For example, in *The Chamberlain Group, LLC v. ITC*, which involved five rounds of briefs, the Court ordered five rounds of argument, with fifteen total minutes per party.  *See The Chamberlain Group, LLC v. ITC*, Appeal No. 22-1664, Order at 2 (Fed. Cir. Mar. 28, 2023 (Dkt. No. 87) (Ex. A); *see also Mahindra & Mahindra Ltd. v. ITC*, Appeal No. 20-2173, Order at 2 (Fed. Cir. Feb. 16, 2022) (Dkt. No. 87) (Ex. B); *Bio-Rad Labs., Inc. v. ITC*, Appeal No. 20-1475, Order at 2 (Fed. Cir. Mar. 8, 2021) (Dkt. No. 70) (Ex. C).  In another case, the Court likewise ordered five rounds of argument, but with fifteen total minutes per private party and ten minutes for the Commission. *See Kyocera Senco Indus. Tools Inc. v. ITC*, Appeal No. 20-1046, Order at 2 (Fed. Cir. Oct. 7, 2021) (Dkt. No. 81) (Ex. D).

Should the Court also order five rounds of argument here, the parties request that AliveCor and Apple each be provided with fifteen minutes to allocate between their opening and rebuttal arguments, and that the Commission as appellee be provided with fifteen minutes of undivided argument time.  Doing so would be consistent with the Court's orders in *Chamberlain*, *Mahindra*, and *Bio-Rad* and with the

3

Court's May 21, 2024, Notice of Oral Argument in the present appeal (Dkt. No. 117) (stating that "[e]ach side receives 15 minutes (including rebuttal), unless otherwise directed by the court" and that "Appellants and Cross-Appellants may divide argument between main argument and rebuttal. Appellees may not.").

For the foregoing reasons, the parties respectfully request that the Court clarify the procedure for oral argument in the present consolidated appeals.

Respectfully submitted,

/s/ Sean S. Pak                    *
Sean S. Pak
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600

Counsel for AliveCor, Inc.

Respectfully submitted,

/s/ Panyin A. Hughes              *
Panyin A. Hughes
Attorney Advisor
Office of the General Counsel
U.S. INTERNATIONAL TRADE
   COMMISSION
500 E Street SW, Suite 707
Washington, DC  20436
(202) 205-3042

Counsel for International Trade
Commission

Respectfully submitted,

/s/ Melanie L. Bostwick
Melanie L. Bostwick
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC  20005
(202) 339-8400

Counsel for Apple Inc.

*Counsel consents to the use of their electronic signature herein.

May 31, 2024

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** | 23-1509, -1553
**Short Case Caption** | AliveCor, Inc. v. International Trade Commission
**Filing Party/Entity** | Apple Inc.

---

**Instructions:**

1.  Complete each section of the form and select none or N/A if appropriate.

2.  Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3.  In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4.  Please do not duplicate entries within Section 5.

5.  Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 05/31/2024

Signature: /s/ Melanie L. Bostwick

Name: Melanie L. Bostwick

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Apple Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable       ☑   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)     ☐   No     ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable       ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# Attachment

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

Orrick, Herrington & Sutcliffe LLP: Jordan L. Coyle; Cesar-Lopez Morales; Sheila Baynes; Bas de Blank

Fish & Richardson P.C.: Joseph V. Colaianni Jr.; Katherine H. Reardon; Thomas S. Fusco; Raisa Ahmad; Qiuyi Wu

Covington & Burling LLP: Shara L. Aranoff; Alexander D. Chinoy; Brian R. Nester; Amy Bond

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 23-1509, -1553

**Short Case Caption** AliveCor, Inc. v. International Trade Commission

**Filing Party/Entity** AliveCor, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 05/31/2024

Signature: /s/ Sean S. Pak

Name: Sean S. Pak

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☐ None/Not Applicable |
| AliveCor, Inc. | | OMROM Corp. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable   ☑ Additional pages attached

| | | |
|---|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP | S. Alex Lasher | Andrew Holmes |
| Adam B. Wolfson | Phillip Ducker | Peter Benson |
| Brian Saunders | Catherine R. Lacey | John W. McCauley |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable   ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**Attachment to AliveCor's Certificate of Interest**

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

(cont.)

Kevin Gu
Michelle Clark
James Glass
Matt Hosen
Bruce Lee
Richard Doss
Isabel Peraza
Evan Larson
Haihang Wang
Joshua Scheufler
James Darling
Scott Watson
Robin McGrath
Stephen Klapper
Nicolas Siebert
Krishna Shah
John McKee
Nicholas Caluda
Lora Green

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A).  The motion is printed in Century Schoolbook 14-point font, and it contains 522 words, excluding the items listed in Federal Rule of Appellate Procedure 27(a)(2)(B).

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Apple Inc.*

Exhibit A

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THE CHAMBERLAIN GROUP, LLC,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**OVERHEAD DOOR CORPORATION, GMI HOLDINGS, INC.,**
*Intervenors*

--------------------------------------------------

**OVERHEAD DOOR CORPORATION, GMI HOLDINGS, INC.,**
*Appellants*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**THE CHAMBERLAIN GROUP, LLC,**
*Intervenor*

---

2022-1664, 2022-1656

---

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1209.

———————————

## ON MOTION

———————————

Per Curiam.

## CORRECTED ORDER\*

Upon consideration of the parties' joint motion to clarify the procedures for the oral argument in the above-captioned appeals scheduled for May 5, 2023,

It Is Ordered That:

Each side will receive 15 minutes of argument time. The Chamberlain Group, LLC ("Chamberlain") and Overhead Door Corporation and GMI Holdings, Inc. (collectively, "OHD") may reserve a portion of their time for rebuttal. Oral argument will be presented in the following sequence: (1) Chamberlain; (2) OHD; (3) Commission; (4) Chamberlain rebuttal; and (5) OHD rebuttal.

<br>

                                        For the Court

March 28, 2023                          /s/ Peter R. Marksteiner
     Date                               Peter R. Marksteiner
                                        Clerk of Court

———————————

\*    The order has been corrected to expressly state the ordering of argument.

# Exhibit B

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAHINDRA & MAHINDRA LTD., MAHINDRA AUTOMOTIVE NORTH AMERICA, INC.,**
*Appellants*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**FCA US LLC,**
*Intervenor*

-------------------------------------------------

**FCA US LLC,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**MAHINDRA & MAHINDRA LTD., MAHINDRA AUTOMOTIVE NORTH AMERICA, INC.,**
*Intervenors*

---

2020-2173, 2021-1687

---

2                          MAHINDRA & MAHINDRA LTD. v. ITC

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1132.

———————————

**ON MOTION**

———————————

PER CURIAM.

# O R D E R

Upon consideration of the parties' joint motion to clarify the procedure for the oral argument in the above-captioned consolidated appeals scheduled for March 7, 2022,

IT IS ORDERED THAT:

The motion is granted. There will be five rounds of argument, tracking the ordering of the briefs, and Mahindra, the Commission, and FCA will each be provided fifteen minutes of argument time. Mahindra and FCA can choose to allocate their time between opening argument and rebuttal. Any amended responses to the notice of oral argument are due no later than February 18, 2022.

FOR THE COURT

February 16, 2022                    /s/ Peter R. Marksteiner
Date                                 Peter R. Marksteiner
                                     Clerk of Court

Exhibit C

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BIO-RAD LABORATORIES, INC.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**10X GENOMICS INC.,**
*Intervenor*

-------------------------------------------------

**10X GENOMICS INC.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**BIO-RAD LABORATORIES, INC.,**
*Intervenor*

---

2020-1475, 2020-1605

---

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1068.

———————————————

## ON MOTION

———————————————

Per Curiam.

# ORDER

Upon consideration of the parties' joint motion for clarification of the procedure for the telephonic oral argument scheduled for April 7, 2021,

It Is Ordered That:

The motion is granted. Each party will receive 15 minutes of argument time. Bio-Rad and 10X may reserve a portion of their time for rebuttal. Oral argument will be presented in the following sequence: (1) Bio-Rad, (2) 10X, (3) the Commission, (4) Bio-Rad's rebuttal, and (5) 10X's rebuttal.

For the Court

March 8, 2021                    /s/ Peter R. Marksteiner
    Date                        Peter R. Marksteiner
                                Clerk of Court

# Exhibit D

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————

**KYOCERA SENCO INDUSTRIAL TOOLS INC., FKA KYOCERA SENCO BRANDS INC.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**KOKI HOLDINGS AMERICA LTD., FKA HITACHI KOKI U.S.A. LTD.,**
*Intervenor*

-------------------------------------------------

**KOKI HOLDINGS AMERICA LTD., FKA HITACHI KOKI U.S.A. LTD.,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**KYOCERA SENCO INDUSTRIAL TOOLS INC., FKA KYOCERA SENCO BRANDS INC.,**
*Intervenor*

—————————

2020-1046, 2020-2050

———————————

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1082.

———————————

## ON MOTION

———————————

Per Curiam.

## O R D E R

Upon consideration of the parties' joint motion to clarify the procedure for oral argument calendared for November 1, 2021,

It Is Ordered That:

The motion is granted. Kyocera and Koki will each receive 15 minutes of argument time and may reserve a portion of their time for rebuttal. The Commission will receive 10 minutes of argument time and may not reserve a portion of its time for rebuttal. Oral argument will be presented in the following sequence: (1) Kyocera, (2) Koki, (3) the Commission, (4) Kyocera's rebuttal, and (5) Koki's rebuttal.

For the Court

October 7, 2021                    /s/ Peter R. Marksteiner
        Date                        Peter R. Marksteiner
                                    Clerk of Court