**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6320**

WRITER'S EMAIL ADDRESS
**seanpak@quinnemanuel.com**

June 3, 2024

<u>VIA ECF</u>

Jarrett B. Perlow
Circuit Executive & Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

Re:   <u>AliveCor, Inc. v. ITC</u>, No. 23-1509

Dear Mr. Perlow:

I represent AliveCor, Inc. and write in response to the May 28, 2024 letter filed by Apple Inc. regarding two recent PTAB decisions: *Apple, Inc. v. AliveCor, Inc.*, IPR2022-01560, Paper 37 (P.T.A.B. April 8, 2024) ("'956 Decision), and *Apple, Inc. v. AliveCor, Inc.*, IPR2022-01562, Paper 37 (P.T.A.B. April 8, 2024) ("'415 Decision").[1] Contrary to Apple's contention, neither decision supports its secondary-considerations arguments here.

*First*, as Apple acknowledges (Ltr. 1), those decisions involved ***different*** patents than are at issue in this appeal. Indeed, Apple argued in those IPRs that differences between the patents provided a basis to reject AliveCor's secondary considerations arguments as well as the ITC's related findings. The Board ultimately agreed with Apple's argument that the ITC decision was "in a ***different*** proceeding involving ***different*** patents." '956 Decision at 50-51; '415 Decision at 53-54.

*Second*, as Apple also acknowledges (Ltr. 1), the Board in the '956 Decision and the '415 Decision ***did not have access to the same evidence*** as the ITC did in reaching the final determination underlying this appeal. *See* '956 Decision at 51-52; '415 Decision at 54. The ITC, with a more complete record, determined that the evidence ***does*** support non-obviousness. Apple's gamesmanship in culling the record that ultimately went before the Board was actively in dispute. *See* '956 Decision at 46-49; '415 Decision at 49-52. To the extent the Board weighed the limited

---

[1] AliveCor's request for Director review was denied on May 30, 2024.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

evidence before it when considering the specific combinations of prior art at issue in the '956 Decision and '415 Decision, the record was different than before the ITC, and incomplete.

Respectfully submitted,

/s/ *Sean Pak*

Sean Pak

Cc: Counsel of record